NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1454
24-P-1455

COMMONWEALTH

vs.

CHRISTOPHER S. PERKINS (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from orders entered by a judge of the District Court revoking his probation and imposing a sentence in two separate criminal cases.[2]  The revocation was based on the defendant's failure to comply with the probation condition that he complete a specific residential program.  On appeal, he claims that the judge's orders were based on unreliable hearsay and, consequently, the Commonwealth failed to meet its burden of proof.  We affirm.

---

[1] The companion case, no. 24-P-1455, involves the same parties.

[2] We have paired these two appeals for consideration by the same panel as they raise the same issues.

Background.  On May 31, 2023, the defendant pleaded guilty to various criminal offenses charged in two criminal complaints. Specifically, the defendant pleaded guilty to breaking and entering in the daytime with intent to commit a felony, in violation of G. L. c. 266, § 18, as then in effect; assault and battery causing serious bodily injury, in violation of G. L. c. 265, § 13A (b); strangulation or suffocation, in violation of G. L. c. 265, § 15D (b); and assault and battery on a family or household member, in violation of G. L. c. 265, § 13M (a).  The defendant was sentenced to concurrent terms of eighteen months in the house of correction, with nine months to be served and the balance suspended for two years.  The judge imposed as conditions of probation, concurrent on all charges, that the defendant stay away and have no contact with the victims, remain alcohol and drug free, submit to alcohol and drug screens, and attend the Intimate Partner Abuse Education Program. Thereafter, on August 15, 2024, the defendant was found in violation of probation based in part on a positive test for alcohol.  He was reprobated with a new condition that he receive substance use treatment at the Carl E. Dahl House (Dahl House), a residential recovery home.  The condition specified that the defendant was required to "successfully complete any substance use evaluation [and] treatment . . . at Carl E. Dahl House."  In

addition, the defendant was ordered to refrain from alcohol and illegal or unprescribed drugs.

The defendant entered Dahl House on August 15, 2024, and was discharged on October 9, 2024, without completing the program.  Upon learning of his early discharge, the defendant's probation officer issued a notice of violation of probation based on the defendant's failure to successfully complete the residential program.[3]  At the probation violation hearing, the probation officer stated that the defendant was discharged from the program "for theft [cigarettes] from another patient."  The probation officer introduced e-mail correspondence between herself and the program director at the Dahl House that provided more context for the defendant's discharge, recounting a previous allegation of theft and a subsequent warning given to the defendant.  According to the program director, after the first allegation of theft and trespass into other patients' rooms, the defendant was warned never to go into another patient's room, and the defendant acknowledged and agreed to that condition.  Thereafter, when a patient reported his cigarettes missing, an investigation revealed that the defendant

_____

[3] The notice of violation also alleged that the defendant violated the condition that he not use illegal or unprescribed drugs on the ground that he tested positive for buprenorphine when he first entered the facility.  However, the judge found there was no probable cause to support a violation on this ground.

was recorded on camera entering that patient's room and leaving with something in his hands.  The program director explained in an e-mail message that this incident was the reason for his final decision to discharge the defendant from the program.  The defendant testified at the hearing on his own behalf and denied the allegations.

At the conclusion of the hearing, the judge found the defendant had violated a condition of his probation, namely failure to complete the residential program at the Dahl House, and the defendant was sentenced to serve the remainder of his sentence.

Discussion.  "In reviewing a judge's revocation of probation, we 'must determine whether the record discloses sufficient reliable evidence to warrant the findings by the judge[, by a preponderance of the evidence,] that [the probationer] had violated the specified conditions of his . . . probation.'"  Commonwealth v. Gelin, 494 Mass. 777, 783 (2024), quoting Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023).  The defendant contends that the statements of the program director of Dahl House contained within the e-mail messages sent to the probation officer amounted to unreliable hearsay and, therefore, the orders revoking his probation must be vacated.

It is well settled that hearsay evidence may be relied on in a probation violation hearing where it has substantial

4

indicia of reliability. Commonwealth v. Hartfield, 474 Mass. 474, 482 (2016). However, in Hartfield, the Supreme Judicial Court further advised that where a judge relies on hearsay evidence in finding a violation of probation, the judge should "set forth in writing or on the record why the judge found the hearsay evidence to be reliable." Id. at 485. Even if the judge did not do so in this case, as the defendant alleges, we discern no abuse of discretion because the sole issue before the judge was whether the defendant successfully completed the program. It was undisputed that the defendant did not do so. Even if we were to assume, as the defendant asserts, that the hearsay evidence was unreliable, that evidence pertained to the reasons for the defendant's discharge from the program and, as such, is inconsequential. As to the defendant's argument that he did not willfully violate probation because he was unaware of the program's regulations, as noted, the defendant acknowledged the condition that he not go into rooms of other patients; the record does not support the defendant's claim. The undisputed failure of the defendant to successfully complete the program

was a sufficient basis for revocation of his probation regardless of the reasons for that failure.

Orders finding probation
 violation, revoking
 probation, and imposing
 sentence affirmed.

By the Court (Vuono,
 Desmond & Toone, JJ.[4]),

Clerk

Entered:  November 26, 2025.

---

[4] The panelists are listed in order of seniority.